PER CURIAM. BOOTH, C. J. (Charge.) Gentlemen of the jury, the arguments which you have heard have so entirely exhausted the subject that there remains little room for the Court for explanation. This is a replevin for a negro boy. Defendant pleads property in herself and limitation. As to the question of property, that is for your consideration, and we shall not interfere with your province. Possession is evidence of property, though not conclusive, because it may be repelled or destroyed, but unless it is destroyed or repelled, it is conclusive. Unless plaintiff had shown a title in herself, or a prior possession in herself, the defendant ought not to lose the possession. As to the second ground of defense, it is contended that this action is not barred by time, because of a subsequent acknowledgment. We are in doubt how far an acknowledgment will revive the cause of action in replevin. We know of no such determination, but will not say it cannot have such effect; but such acknowledgment ought to be of the party's right, and if there has been no such acknowledgment this action is barred.

Verdict for the defendant.

## LILLY CANNON v. JOSHUA POLK.

Court of Common Pleas.  April 30, 1801.

*Wilson's Red Book, 352.*

*Hall* and *Ridgely* for plaintiff. *Bayard* and *Wilson* for defendant.

Plaintiff proved by John Rust that defendant had the Negro on hire in the lifetime of her late husband, that he was worth twenty per year, and that defendant was to have him a year, at near the expiration of which time he bought him of plaintiff. Plaintiff proved by Levina Cannon that defendant hired him, after her husband's death, of her, before he bought him, at £20 per year to be paid in four quarterly payments. Plaintiff proved by Curtis Morris that he heard defendant say he had hired him at £20 per

year, but whether of the late husband or of the widow he could not tell.

Defendant's counsel moved for a nonsuit. Plaintiff has in this case proved an express contract, and therefore ought to have declared on it. The law to prevent a failure of justice will imply a contract where there has been none, but when there is an express promise, another "promise cannot be implied," 7 Term 204. It will be of no importance to say that defendant was sufficiently informed by this declaration of the nature of the claim, because the rule is inflexible;[1] besides that, the declaring on an implied promise was legal notice to us that plaintiff would not pretend to prove a contract. Merely on the generality of the rule, yet the variance itself is important. Declaration was for the delivery of stock on the 22nd of August; contract proved was on the opening of the books, which was proved to be the same day, yet it was fatal, Str. 74, Esp.N.P. 138. The case now before the court presents a greater variance: the implied promise must have been of payment when the service was done; the evidence is of a promise to pay at four quarterly periods. This testimony of the two other witnesses does not affect the cause. That of the first, if of any weight, would show the defendant liable to the estate of the plaintiff's late husband for the hire, and therefore does not support this action; and the testimony of the last witness can only affirm the hiring under the husband, or the contract which the plaintiff ought to have declared on.

Plaintiff's counsel. If the gentlemen concerned for the defendant choose, they can demur to our evidence and have the Court's decision on it; but if they will not demur, which would admit it all to be true, we ought to have the liberty to observe upon it to the jury. For the Court to enter a nonsuit, would be for them to decide on some length and variety of evidence, which is more proper for the examination and discussion of the jury. Besides, upon a nonsuit the plaintiff has no redress, which he might have upon a demurrer.

Defendant's counsel. The plaintiff may, if the Court should direct a nonsuit, refuse to submit to it and then take a bill of exceptions to the opinion which the Court will give in charge to the jury. This case is a plain one. Another and express promise is proved, and there is no foundation in the evidence for presumptions in favor of the plaintiff to require a verdict to be taken.

---

[1] The words, "and the difference between," appear here in the manuscript, but this phrase was apparently intended to be crossed out, along with the lines which follow it in the manuscript, which were actually crossed out to make way for interlineations.

Per Curiam. Booth, C. J. The Court deny the motion for a nonsuit. You must demur or go on to the jury.

After other evidence was given and argument, the jury found for the plaintiff and gave £23 damages.

## DAVID WILLIAMS v. JAMES CANNON.

Court of Common Pleas. April 28, 1801.

*Wilson's Red Book, 355.*[*]

*Ridgely, Hall* and *Vining* for plaintiff. *Bayard* and *Wilson* for defendant.

Plaintiff's counsel offered the depositions of John Postly, Edward Henry, and Isaac Evans taken before Josiah Mitchell, Esquire. They proved by Smith Lingo a verbal notice to defendant of the day of taking the depositions in proper time before the taking—defendant did not attend. The rule for taking depositions appears on the docket in these words: *viz*, "Rule to take depositions in this cause before Josiah Mitchell, Esq., of Worcester County in the State of Maryland, *ex parte* rule on five days notice."

*Bayard* objected to the depositions for want of legal notice. The notice should have been in writing; verbal notice is not sufficient, it is liable to too much uncertainty. A mistake or want of accurate recollection in the plaintiff, defendant, or witness defeats us of an opportunity to attend. How can the Court decide on the propriety of the notice unless it was in writing? The notice of executing a writ of inquiry must be in writing, Tidd Pr.

[*] This case is also reported in *Rodney's Notes*, April, 1801.